# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | Cr. ID. No. | 1212012398 |
| | ) | | 1212013888 |
| | ) | | 1212018608 |
| DANIEL D. JONES, | ) | | 1310006438 |
| | ) | | 1310006358 |
| Defendant. | ) | | |

Submitted: September 24, 2015
Decided: October 1, 2015

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Joseph Grubb, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorneys for the State.

Daniel D. Jones, *pro se*.

**MANNING**, Commissioner

This 1st day of October 2015, upon consideration of defendant Daniel D. Jones' motion for postconviction relief (the "Motion"), it appears to the Court that:

(1) On April 4, 2014, Jones was sentenced by the Honorable Eric M. Davis to a total of 19 years at Level 5, followed by probation. Jones had pled guilty to two counts of Burglary 2nd Degree, three counts of Burglary 3rd Degree and Theft of a Senior. On motion by the State, Jones was declared a Habitual Offender by the Court pursuant to 11 *Del. C.* 4214(a) as to both of the Burglary 2nd Degree counts; therefore, 16 years of Jones' sentence is a minimum/mandatory period of incarceration. On August 10, 2015, Jones timely filed his first *pro se* motion for postconviction relief with this Court.[1] On September 18, 2015, Judge Davis referred Jones' Motion to a Commissioner for review pursuant to Superior Court Civil Rule 132.

(2) Accordingly, I have reviewed Jones' Motion and the Court's records in Jones' case and find as follows:

(3) Jones' claims for postconviction relief, in his own words, are as follows:

Ground One: Illegal Sentence. The Statute use to obtain the movants sentence fails to notify a person of ordinary intelligence the prohibited conduct that makes 11 Del. C. 825(a) a "violent felony" and increasing the movants sentence under 11 Del C. 4214(a) for a crime believed to involve conduct that presents a serious potential risk of injury to another violates the constitution's guarantee of due process.

Ground Two: Unconstitutional law. The creation of risk/violence established in 11 Del. C. 825(a) comes from a judicially imagined "ordinary case" of a crime and not from real world facts or statutory elements. The tying of the judicial assessment to imaginary facts leaves grave uncertainty to the actual conduct displayed. This produces more unpredictability then the due process clause tolerates.

---

[1] It appears that Jones did not file an appeal with the Delaware Supreme Court.

Ground Three: Judicial misconduct/violation of due process. Classifying 11 Del. C. 825(a) a "violent felony" requires the court to imagine the "ordinary case" of the crime based on a statistical analysis of the State reporter? A survey? Expert evidence? Google? Or gut instinct? Not to the statutory elements 1. Knowingly and unlawfully remain in a dwelling, 2. Commits a crime therein which in no way reflects physical injury to another. This imagined conduct flout the notion of fair play and otherwise settled rules of law.

(4) Jones' Rule 61 claims are somewhat unusual in that he does not allege that his lawyer's representation of him was deficient in any way. Rather, Jones' claims make a number of broad assertions and sweeping attacks on the constitutionality of the Habitual Offender statute and the underlying crime of Burglary 2nd Degree. As such, I will dispense with the usual *Strickland* analysis and address his claims directly.

(5) First and foremost, the fatal flaw with Jones' claims, as I see it, is that they are all procedurally barred. Had Jones wished to challenge the constitutionality of the Habitual Offender statute on some level, perhaps under a vagueness theory, or the basis and methodology used by the court[2] for sentencing offenders, he should have argued the issue to the Court prior to the entry of his guilty plea and, if necessary, then on direct appeal to the Delaware Supreme Court. It is well settled law that a postconviction motion is not a substitute for going to trial or a direct appeal.[3] Accordingly, pursuant to Superior Court Criminal Rule 61(i)(3), Jones' failure to raise these issues, until now, bars them from further review.[4]

---

[2] Or, presumably, even the Delaware Legislature that passed the Habitual Offender statute.

[3] *See Flamer v. State*, 585 A.2d 736, 742 (Del. 1990) (Holding that "postconviction relief is a collateral remedy which provides an avenue for upsetting judgments that otherwise have become final. It is not designed as a substitute for direct appeal. It is a matter of fundamental import that there be a definitive end to the litigable aspect of the criminal process.").

[4] *See* Criminal Rule 61(i)(3) Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of the court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

(6) Should the Court wish to consider Jones' claims on the merits, such as they are, I would further note that his claims fail to allege any specific or concrete allegations cognizable under Rule 61.[5] However, Jones' claims, arguably, could be *very* liberally construed as arguing that his guilty plea was not knowingly and intelligently entered and that he did not understand what he was pleading guilty to, or the amount of jail time he faced at sentencing. However, my review of the Guilty Plea forms and the Truth-In-Sentencing forms indicates otherwise.[6] All forms appear to be properly filled-in with the correct information and executed with the assistance of defense counsel. The forms clearly indicate that the State would seek to declare Jones a Habitual Offender under 4214(a) as to both of the Burglary 2nd Degree counts, and that he faced from 16 years at Level V up to Life. The guilty plea paperwork is also accompanied by a signed Waiver of Indictment as to all criminal action numbers. Based on this record, I simply cannot see any reason why a person of "ordinary intelligence" would not have understood what the terms of the plea agreement were or the applicable sentence range. Frankly, I see Jones' Motion as nothing more than a case of buyer's remorse now that he has to *actually serve* the jail sentence he largely agreed to by way of his guilty plea.

---

[5] Conclusory allegations are insufficient to establish a claim of ineffective assistance of counsel. *See Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

[6] Jones' guilty plea encompassed two different guilty plea forms, bother executed on the same day—October 24, 2013.

3

(7)  Finally, I note that Jones' claims are so lacking in merit that the Court could summarily dismiss them under Rule 61(d)(5).[7]

For the foregoing reasons, I RECOMMEND that Jones' Motion be DENIED.

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc:    Prothonotary
cc:    Defendant

---

[7] Rule 61(d) Preliminary Consideration. (5) Summary dismissal. -- If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.